| | |
|---|---|
| 1 | Laura C. Hess (SBN 198284) |
|   |   lhess@kringandchung.com |
| 2 | Allyson K. Thompson (SBN 235933) |
|   |   athompson@kringandchung.com |
| 3 | KRING & CHUNG, LLP |
|   | 38 Corporate Park |
| 4 | Irvine, California 92606-5105 |
|   | Telephone:  (949) 261-7700 |
| 5 | Facsimile:  (949) 261-8800 |
| 6 | Attorneys for Plaintiff |
|   | ABDUL ASLAMI |
| 7 | |
| 8 | R. CHRISTOPHER CATALDO (Admitted *Pro Hac Vice*) |
|   |   ccataldo@jaffelaw.com |
|   | PATRICE S. AREND (Admitted *Pro Hac Vice*) |
| 9 |   parend@jaffelaw.com |
|   | JAFFE RAITT HEUER & WEISS, P.C. |
| 10 | 27777 Franklin Road, Suite 2500 |
|    | Southfield, Michigan 48034 |
| 11 | Telephone:  (248) 351-3000 |
|    | Facsimile:   (248) 351-3082 |
| 12 | |
|    | LARRY C. DRAPKIN (SBN 98771) |
| 13 |   lcd@msk.com |
|    | JOLENE KONNERSMAN (SBN 217574) |
| 14 |   jrk@msk.com |
|    | BRIAN M. RAGEN (SBN 275045) |
| 15 |   byr@msk.com |
|    | MITCHELL SILBERBERG & KNUPP LLP |
| 16 | 11377 West Olympic Boulevard |
|    | Los Angeles, California  90064-1683 |
| 17 | Telephone:  (310) 312-2000 |
|    | Facsimile:   (310) 312-3100 |

**NOTE: CHANGES MADE BY THE COURT**

| | |
|---|---|
| 18 | |
| 19 | Attorneys for Defendant |
|    | NICHIA AMERICA CORPORATION |

20    UNITED STATES DISTRICT COURT

21    CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 22 | ABDUL ASLAMI, | Case No. CV 14-2785 JAK (FFMx) |
| 23 | Plaintiff, | [~~PROPOSED~~] **STIPULATED PROTECTIVE ORDER** |
| 24 | v. | Judge:    The Hon. John A. Kronstadt |
| 25 | NICHIA AMERICA CORPORATION, a Pennsylvania corporation; and | File Date: April 11, 2014 |
| 26 | DOES 1 to 20, inclusive, | Trial Date: Not yet set |
| 27 | Defendants. | |
| 28 | | |

Mitchell
Silberberg &
Knupp LLP

6209852.1

[~~PROPOSED~~] **STIPULATED PROTECTIVE ORDER**

# STIPULATED PROTECTIVE ORDER

Pursuant to the agreement between Abdul Aslami (Plaintiff), and Nichia America Corporation ("Defendant") (collectively, Plaintiff and Defendant are referred to together as the "Parties" and each as a "Party") and approval of the Court, this Stipulated Protective Order ("Protective Order") shall govern the production of confidential documents, deposition testimony, discovery and other information produced in this action.

## 1. GOOD CAUSE STATEMENT

Pursuant to Fed. R. Civ. P. 26(c), good cause exists for entry of this Protective Order because the Parties to this action: (1) have sought and expect to seek and disclose in the future certain Confidential Information, as defined herein, in this action; (2) believe that unrestricted disclosure or dissemination of such Confidential Information will cause injury to their business, commercial and/or privacy interests; (3) desire an efficient and practical means to designate such information as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and thereby help ensure its continued protection against unwarranted disclosure or dissemination; and (4) have agreed to such means as set forth herein.

## 2. DEFINITIONS

2.1 As used herein, the term "Confidential Information" shall mean: (a) any type of information that has not been made generally available to the public and the disclosure of which the disclosing Party or third party contends would cause serious harm to the disclosing Party's or third party's business operations or other interests, including, but not limited to, contracts for goods or services, customer lists, customer data, costs of goods or services sold, manufacturing or other costs of doing business, employee salaries, employee personnel materials, employee health or medical records, marketing plans,

financial performance data, sales records, inventory sheets, and manufacturing, product development, and business development strategies; (b) data derived from such Confidential Information, including any summaries, compilations, quotes, or paraphrases thereof; (c) any other oral, written, or recorded material that consists of or contains trade secrets (as defined in California Civil Code § 3426.1(d)) or other confidential research, development, or commercial information (as referred to in Fed. R. Civ. P. 26(c)(1)(G)); or (d) any other information that the designating Party reasonably believes (1) constitutes proprietary information, confidential business information, information that the designating Party may need, for any business, employment or competitive purposes, to be protected from disclosure, trade secrets, and/or information in which the Party or any third party has a privacy interest, or (2) is subject to protection from disclosure, or limitation upon disclosure, under applicable law.

2.2     As used herein, the terms "Document" and "Documents," mean all documents, writings, tangible things, recordings, and photographs as defined in Fed. R. Civ. P. 34(a) and Fed. R. Evid. 1001, and include, but are not limited to, records, exhibits, reports, samples, transcripts, video or audio recordings, disks, affidavits, briefs, summaries, notes, abstracts, drawings, company records and reports, answers to interrogatories, responses to requests for admissions, and motions, including copies or computer-stored versions of any of the foregoing.

2.3     As used herein, "Highly Confidential – Attorneys' Eyes Only" means Confidential Information that the designating Party reasonably believes requires for its protection that it not be disclosed to the adverse Party.

2.4     As used herein, the term "Protected Material" means any Confidential Information that has been designated by a Party or third party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

**3.     DESIGNATION OF CONFIDENTIAL INFORMATION**

3.1     This Protective Order applies to all initial disclosures, discovery responses, Documents and other information or materials containing Confidential Information disclosed in this action that are designated by a Party or third party as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, whether such disclosure is by order of the Court or by response to questions in a deposition, written interrogatories, requests for the production of Documents and other tangible things, requests for admission, subpoenas to third parties, or any other discovery or disclosure undertaken in this action.

3.2     Such designation shall be accomplished by placing the notation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on every page of each Document or portion thereof so designated.  In the case of Confidential Information disclosed in a non-paper medium (e.g., videotape, audiotape, computer disks, etc.), the appropriate notation shall be affixed to the outside of the medium or its container so as to clearly give notice of the designation.  Such designation is deemed to apply to the Document itself and to the Confidential Information contained therein.

3.3     Protected Material shall be used only for the purposes of this litigation and may not be used by any Party to whom or which that information is produced or disclosed for research, development, sales, marketing, publicity, or competitive purposes, or any other purpose.  Protected Material shall not be disclosed to anyone other than those persons identified in Paragraphs 5.3 and 5.4, *infra*, except as may be ordered by the Court or agreed to in writing by the Parties.

3.4     The Parties and any third parties responding to discovery in this action shall use reasonable care to avoid designating any Documents or other materials as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY that are:  (a) not entitled to such designation, or (b) generally available to the public.

**4.     DEPOSITIONS**

4.1     With respect to the examination of witnesses upon oral deposition, when Protected Material is supplied to the deponent, or when the deponent's testimony contains, reflects, or comments on Protected Material, the deposition reporter and/or videographer shall be informed of this Protective Order by the Party or third party seeking to invoke its protection, and shall place on the cover of any deposition transcript or video that contains any Protected Material the words "CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO A COURT PROTECTIVE ORDER."  Counsel for the Parties then shall take appropriate steps to prevent any portions of any deposition transcript or videotape designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY from being disclosed to any person, except as provided in this Protective Order.

4.2     Testimony at a deposition may be designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY if this Protective Order is invoked at the deposition by counsel for a Party or the counsel for a third party deponent.  The designating Party or third party also may, within a reasonable time after receiving a copy of the deposition transcript, provide all Parties with a written list of the page(s) of the deposition transcript, and any exhibits attached thereto, that the Party or third party designates as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

4.3     If Protected Material is to be discussed or disclosed in a deposition, any Party or third party claiming such confidentiality may exclude from the room any person who is not entitled to receive such Confidential Information during that portion of the deposition in which the Confidential Information is actually discussed or disclosed.  If Protected Material is to be discussed or disclosed at a hearing or at trial, the Parties may request that the Court exclude from the courtroom any person who is not entitled to receive such

Confidential Information during that portion of the hearing or trial in which the Confidential Information is actually discussed or disclosed.

## 5. DISCLOSURE OF PROTECTED MATERIAL

5.1     The Parties, counsel for the Parties, and all persons who view Protected Material shall maintain all information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY in confidence and shall not disclose such information, directly or indirectly, to any person except as provided in this Protective Order.

5.2     While the disclosure of Protected Material to persons not authorized by this Protective Order could, by definition, be prejudicial to the business, operations, or interests of the designating Party or third party, the CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY designations should not be overused.

5.3     Access to Confidential Information designated as CONFIDENTIAL shall be limited to the following persons:

5.3.1   Outside counsel of record and in-house counsel for the Parties (together with and their support personnel and outside contractors services who are working on this litigation under the direction of such attorneys).

5.3.2   Expert witnesses and/or consultants (together with their support personnel) retained by counsel of record on behalf of the Parties for purposes of this litigation who have signed the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A.

5.3.3   Pursuant to Paragraphs 4.1 through 4.3, *supra*, deponents who have signed the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A.  Counsel should have a good faith belief that such disclosure is necessary before disclosing Confidential Information to the deponent.

5.3.4  Court reporter(s), videographers, and their staff engaged in this litigation.

5.3.5  The Parties to this action, as well as officers, directors, and employees of the Parties to this action that are corporate entities who have signed the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A.

5.3.6  Any court-appointed or private neutral used in settlement proceedings in this action (together with their support personnel).

5.3.7  The Court and its personnel.

5.4   Access to Confidential Information designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be limited to the following persons:

5.4.1  Outside counsel of record and in-house counsel for the Parties (together with and their support personnel and outside contractors services who are working on this litigation under the direction of such attorneys).

5.4.2  Expert witnesses and/or consultants (together with their support personnel) retained by counsel of record on behalf of the Parties for purposes of this litigation who have signed the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A.

5.4.3  Pursuant to Paragraphs 4.1 through 4.3, *supra*, deponents who have signed the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A.  Counsel should have a good faith belief that such disclosure is necessary before disclosing Confidential Information to the deponent.

5.4.4  Court reporter(s), videographers, and their staff engaged in this litigation.

5.4.5  Any court-appointed or private neutral used in settlement proceedings in this action (together with their support personnel).

5.4.6  The Court and its personnel.

Mitchell Silberberg & Knupp LLP

6209852.1

6

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

### 6. CHALLENGING A DESIGNATION

6.1 A Party which disputes the propriety of a designation **may** ~~shall~~ challenge such designation **at any** ~~within a reasonable~~ time after the materials are so designated.  **(FFM)** In the event that a Party challenges such designation, the Party shall provide written notice to the designating Party explaining the basis for its disagreement with the designation.  The Parties shall first attempt to resolve the dispute in good faith and shall employ the procedures of Local Rules 37-1 through 37-4 to resolve that dispute.  If the dispute cannot be resolved, the receiving Party may apply to the Court for a ruling concerning the status of such material, and, pending such application and ruling, the receiving Party shall treat such material as Protected Material under this Protective Order.  Upon any hearing, the burden of proving that material has been properly designated is on the Party making such designation. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the challenging Party to sanctions.

6.2 For Documents that any Party might wish to file with the Court under seal, that Party shall employ the procedures of Local Rule 79-5.1 and comply with the requirements of Section 10, *infra*.

6.3 No Party shall be obligated to challenge the propriety of a designation, and a failure to do so shall not preclude a subsequent attack on the propriety of any other designation.

### 7. FAILURE TO DESIGNATE

7.1 If timely corrected, an inadvertent failure to designate qualified Confidential Information does not, standing alone, waive the designating Party's or third party's right to secure protection under this Protective Order for such Confidential Information.

   7.2 Upon timely correction of a designation, the receiving Party must make reasonable efforts to assure that the designated Protected Material is treated in accordance with the provisions of this Protective Order.

## 8. UNAUTHORIZED DISCLOSURE

   8.1 If a Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, it must immediately (a) notify in writing the designating Party or third party of the unauthorized disclosure, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 9. CUSTODY AND DISPOSITION OF PROTECTED MATERIAL

   9.1 Protected Material shall be maintained in the custody of counsel for the Parties, except for information in the custody of: (a) the Court; (b) any court reporter transcribing testimony given in this action, for the limited purpose of rendering his or her normal transcribing services; and (c) consultants or experts entitled to see such information under the terms of this Protective Order, to the extent necessary for their study, analysis, and preparation of the case. Except for the Court, a person with custody of Protected Material shall maintain it in a manner that limits access to it to only those persons entitled under this Protective Order to examine it.

   9.2 Unless counsel agree otherwise in writing, within sixty (60) days of the conclusion of this litigation, whether by settlement and dismissal or final, non-appealable decision of the Court, the Parties, counsel for the Parties, and

all other persons who are in possession of Protected Material agree that they will (a) destroy or return to the producing Party or third party all hard copy Documents, other than attorney work product, containing Protected Material produced by a Party or third party; and (b) delete all electronically stored Documents, other than attorney work product, containing Protected Material produced by a Party or third party. Notwithstanding the foregoing, the parties shall not have any obligation under this Protective Order to ensure the destruction of any copies of electronically-stored Protected Material made by the automatic processes of their computer systems, including but not limited to any such copies that may reside on their servers and/or backup tapes.

9.3 Notwithstanding the foregoing, counsel of record and each Party shall be permitted to retain a file copy of all pre-trial, trial, and post-trial materials, discovery, depositions and deposition exhibits, and Document databases. Nothing in this paragraph shall be construed to require any Party to return or destroy work product or attorney client privileged communications, whether from or to outside or in-house counsel. Such file copies must be maintained under the conditions of maintaining confidentiality as set forth in Paragraph 8.1, *supra*.

**10. MISCELLANEOUS PROVISIONS**

10.1 Except as otherwise set forth in Paragraphs **10.2-10.4** 9.2-9.4 **(FFM)** regarding the introduction and use of Confidential Information at trial and by the Court, and as may be required by law or legal process, the obligations of confidentiality and nondisclosure shall be effective and shall be respected by the Parties and all persons in any way involved in these proceedings or to whose attention Confidential Information shall come unless and until otherwise ordered by the Court or stipulated by all Parties to this action. These obligations of confidentiality and nondisclosure shall bind all such persons through all proceedings in this action, except trial, including all appeals, arbitrations, and

proceedings upon remand, and shall survive the conclusion of this action unless and until otherwise ordered by the Court, or until the Parties to this action stipulate that Protected Material can be disclosed.

10.2    This Protective Order shall not apply to trial proceedings. However, in advance of or during trial, any Party may move the Court to maintain the confidentiality of any Document or information governed by this Protective Order or seek a protective order with respect to testimony containing Confidential Information that may be offered at trial or specific Documents containing Confidential Information that may be marked as exhibits at trial in order to ensure the confidentiality of such information.

10.3    In general, court orders are available to the public.  To the extent that a Party refers to or relies upon material that is filed under seal in its pleadings, the pleadings must request that specific information be kept confidential in the court's order.  Absent the granting of such advance request, the Court may incorporate all evidence in its written and oral rulings.

10.4    By entering into this Protective Order, no Party or third party waives any objections it might have to the production of Documents or information covered by this Protective Order.

10.5    No Party to this action, by entering into this Protective Order, by designating certain information as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or by failing to object to any other Party's such designation, shall be deemed to have admitted or agreed that any such designated information is, in fact, private, a trade secret or other confidential research, development, or commercial information.

10.6    The Court retains jurisdiction even after termination of this action to enforce this Protective Order and to make such deletions from or amendments, modifications, and additions to the Protective Order that the Court may from time to time deem appropriate.  The Parties hereto reserve all rights to

apply to the Court at any time, before or after termination of this action, for an order modifying this Protective Order or seeking further protection against disclosure or use of claimed Confidential Information.

**11.  FILING OR LODGING UNDER SEAL**

11.1   Without written permission from the designating Party or third party, or a court order secured after appropriate notice to all interested persons, a Party may not file any Protected Material in the public record.  Such materials shall be submitted to the Court in accordance with the procedures set forth in C.D. Cal. Local Rule 79-5.1 for filing documents under seal.  Where one Party or third party wishes to file or lodge any documents or things with the Court under seal, the other Party or Parties shall not unreasonably withhold agreement to such filing or lodging under seal.  If such agreement is provided, the Parties shall submit to the Court a stipulation and proposed order for such filing or lodging under seal.  **In any event,** ~~If no such agreement is provided, then~~ the filing or lodging Party or third party shall submit an application and proposed order to the Court pursuant to C.D. Cal. Local Rule 79-5.1.  **(FFM)**

11.2   The Party filing Protected Material under C.D. Cal. Local Rule 79-5.1 shall designate to the Clerk that all or a designated portion thereof is subject to this Protective Order and is requested to be kept under seal, except that upon the failure of the filing Party to so designate, any Party may do so.

**12.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

12.1   If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material, that Party must:

12.1.1   promptly notify in writing the designating Party or third party. Such notification shall include a copy of the subpoena or court order;

    12.1.2 promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

    12.1.3 cooperate with respect to all reasonable procedures sought to be pursued by the designating Party or third party whose Confidential Information may be affected.

  12.2 If the designating Party or third party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY before a determination by the court from which the subpoena or order issued, unless the Party has obtained the designating Party or third party's permission. The designating Party or third party's shall bear the burden and expense of seeking protection of its Confidential Information.  Nothing in this Protective Order should be construed as authorizing or encouraging any Party or non-party in this action to disobey a lawful directive from another court.

IT IS SO ORDERED this 30th day of June, 2014.

            /S/ FREDERICK F. MUMM
            The Honorable Frederick F. Mumm
            United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____, 2014 in the case of *Aslami v. Nichia America Corporation*, Case No. 2:14-cv-02785 JAK (FFMx).  I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

_____             _____
Date                                                                   City and State where sworn and signed.

_____             _____
Print Name                                                         Signature